UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0254-B-2 |
| | § | |
| MYRNA S. PARCON, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Myrna S. Parcon's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 515). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

**I.**

**BACKGROUND**

On August 17, 2017, Parcon was sentenced to 120 months of imprisonment and two years of supervised release after pleading guilty to conspiracy to commit healthcare fraud. Doc. 331, J., 1–3. Parcon is currently sixty-eight years old and is confined at Carswell Federal Medical Center (FMC) with a statutory release date of March 27, 2026.[1] As of November 6, 2020, Carswell FMC has eleven active cases of COVID-19, 510 recovered cases of COVID-19, and six inmate deaths resulting from COVID-19.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/.

Parcon now seeks a reduction in sentence under 18 U.S.C. § 3582 because she is incarcerated at "the site of a major outbreak of COVID-19" and "suffers from advanced age, hypertension, asthma, and Type II diabetes." Doc. 515, Def.'s Mot., 3 (citations omitted). These conditions, Parcon explains, "constitute vulnerabilities to COVID-19 [that] rise to the 'exceptional and compelling' standard of 18 U.S.C. § 3582(c)(1)(A)." *Id.* at 26. The Government responded in opposition to Parcon's motion, *see* Doc. 517, Gov't's Resp., and the motion is now ripe for review.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

In sum, the Court denies Parcon's request for a sentence reduction because she fails to demonstrate extraordinary and compelling circumstances under § 3582(c)(1)(A)—especially in light of the § 3553(a) factors.

A.      *Parcon Has Satisfied the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Here, Parcon made a compassionate-release request to the warden of her facility on May 11, 2020, Doc. 515, Def.'s Mot., 49, and the request was denied on May 23, 2020. *Id.* at 52. Because thirty days have passed from the time Parcon made her request to the warden of her facility, Parcon has satisfied the exhaustion requirement of § 3582(c)(1)(A).

B.      *Given Parcon's Stable Health and the Seriousness of Her Offense, She Fails to Demonstrate Extraordinary and Compelling Reasons for a Reduction in Sentence.*

Parcon has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4]

---

[3] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. In her motion, Parcon explains the dangerous spread of the COVID-19 virus and how prisons are "inherently unsuited" to protect inmates from contracting the virus. Doc. 515, Def.'s Mot., 2. Further, she asserts that she "suffers from significant risk factors" that either "increase the risk that [she] will contract COVID-19" or increase her risk of a more severe case of COVID-19. *Id.* at 2, 4. Specifically, she provides evidence indicating that she is sixty-eight years old and suffers from Type II diabetes, hypertension, and asthma. Doc. 515-1, Medical Records, 1, 6–7. In addition, she attempts to cast doubt upon the reliability of Carswell FMC's reported COVID-19 cases, suggesting that the number of active cases is likely higher than that reported by the BOP. Doc. 515, Def.'s Mot., 9–11. Based on the COVID-19 pandemic, its presence at Carswell FMC, and her "medical vulnerability," Parcon urges the Court to "resentence[] [her] to time served, with her supervised release expanded by about 67 months, conditioned on her spending those 67 months on home confinement." *Id.* at 24, 46.

The Court will not do so. First, although the COVID-19 pandemic is unprecedented, its presence at Carswell FMC does not demonstrate extraordinary and compelling circumstances specific to Parcon. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting

that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Moreover, though the Court acknowledges that Parcon's medical conditions and age may make her more susceptible to severe symptoms should she contract COVID-19, this possibility alone does not suffice to create extraordinary and compelling circumstances. Indeed, Parcon concedes she is able to manage her medical conditions while incarcerated. *See* Doc. 515, Def.'s Mot., 31. And she has not suggested that she is presently suffering from an unstable or unmanageable health condition.

Additionally, application of the § 3553 factors weighs against Parcon's release. *See* § 3582(c)(1)(A) (requiring the Court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" before finding "extraordinary and compelling reasons" for a sentence reduction). Section 3553(a) requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Parcon's case, the Court found 120 months of imprisonment appropriate to serve these goals. *See* Doc. 331, J., 2. Parcon received this sentence in August of 2017 and has a statutory release date of March 27, 2026, meaning she has completed less than forty percent of her sentence. Under these circumstances, reducing Parcon's sentence would not "promote respect for the law." § 3553(a)(2)(A). Nor would such a drastic reduction in sentence "provide just punishment," *see id.*, because—as the Government points out—Parcon was the leader of a fraudulent scheme causing "over $50 million in losses to Medicare." Doc. 517, Gov't's Resp., 1.

Finally, the Court rejects Parcon's suggestion that the Court could mitigate its § 3553 concerns by reducing her term of imprisonment, expanding her term of supervised release, and

requiring home confinement during the lengthened term of supervised release. *See* Doc. 515, Def.'s Mot., 42–44; *see also id.* at 45 (acknowledging that "[d]istrict courts lack the authority to modify the method of imprisonment during a term of incarceration" (citation omitted)). Contrary to Parcon's assertion, the Court cannot order Parcon to a period of supervised release equal to the amount of time remaining on her sentence of imprisonment—by statute, the Court may order a period of supervised release no greater than three years. *See* 18 U.S.C. § 3583(a) & (b)(2) (permitting a maximum of three years of supervised release for a Class C felony); 18 U.S.C. § 3559 (defining offenses with a maximum term of imprisonment of ten years as a Class C felony); 18 U.S.C. § 1347(a) (setting a maximum term of imprisonment of ten years for healthcare fraud). Assuming Parcon receives all available good-time credit, over five years remain on her term of imprisonment. Under these circumstances, imposing the maximum three-year term of supervised release would be, in effect, a reduction in sentence and thus present the same § 3553 concerns described above. *See United States v. Gibson*, 2020 WL 2749759, at *4 (S.D. Tex. May 27, 2020) (rejecting a similar argument and noting the disproportionality between the defendant's remaining term of imprisonment and the statutory maximum of three years of supervised release), *appeal filed*, No. 20-20301 (5th Cir. June 11, 2020).

Accordingly, the Court concludes that in light of the § 3553 factors and Parcon's stable health condition, Parcon has not shown extraordinary reasons for a reduction in sentence. Thus, the Court **DENIES** Parcon's motion **WITHOUT PREJUDICE**.

### IV.

### CONCLUSION

For the foregoing reasons, Parcon's Motion for Reduction of Sentence Pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i) (Doc. 515) is **DENIED WITHOUT PREJUDICE**. By denying Parcon's motion without prejudice, the Court permits Parcon to file a subsequent motion for compassionate release in the event that her health significantly deteriorates and she first presents her compassionate-release request premised upon this deterioration to the BOP. Nonetheless, in evaluating any subsequent request by Parcon, the Court will again account for the § 3553 factors, which weigh against release given that Parcon has served only a fraction of her sentence.

        **SO ORDERED.**

        **SIGNED: November 9, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE