UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIM. ACTION NO. 3:15-CR-0254-B-2 |
| | § | |
| MYRNA S. PARCON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Myrna S. Parcon's Motion for Reconsideration (Doc. 520). The Court previously denied Parcon a sentence reduction by Order dated November 9, 2020. *See* Doc. 519, Mem. Op. & Order, 7. Parcon now moves the Court to reconsider that Order for two reasons: (1) Parcon's reasons for sentence reduction are extraordinary and compelling; and (2) the Court has authority to extend Parcon's supervised release period beyond the limits set by 18 U.S.C. § 3583. Doc. 520, Def.'s Mot., 3–10. For the reasons that follow, the motion is **DENIED**.

I.

BACKGROUND

On August 17, 2017, Parcon was sentenced to 120 months of imprisonment and two years of supervised release after pleading guilty to conspiracy to commit healthcare fraud. Doc. 331, J., 1–3. Parcon is currently sixty-eight years old and is confined at Carswell Federal Medical Center (FMC) with a statutory release date of March 27, 2026.[1] On September 29, 2020, Parcon filed a Motion for

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

- 1 -

Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 515). In her motion, Parcon claimed that extraordinary and compelling reasons warrant a reduction in her sentence—namely her "advanced age, hypertension, asthma, and Type II diabetes" and the "major outbreak of COVID-19" at Carswell FMC. Doc. 515, Def.'s Mot., 3, 26 (citations omitted). After considering Parcon's motion, as well as the Government's response (Doc. 517), the Court found that Parcon's conditions did not give rise to extraordinary and compelling reasons to reduce her sentence, even when coupled with the rate of infection at Carswell FMC.[2] *Id.* Doc. 519, Mem. Op. & Order, at 4–5. "Additionally," the Court found, "application of the § 3553 factors weigh[ed] against Parcon's release." *Id.* at 5. Lastly, the Court determined that it lacked the authority to expand Parcon's term of supervised release beyond the maximum term provided by § 3583(a) and § 3583(b)(2)—a means suggested by Parcon to neutralize the § 3553 factors. *Id.* at 5–6 (citing Doc. 515, Def.'s Mot., 42–44). Accordingly, the Court denied Parcon's motion without prejudice. *Id.* at 6–7. By denying it without prejudice, the Court "permit[ted] Parcon to file a subsequent motion for compassionate release in the event that her health significantly deteriorates . . . ." *Id.* at 7.

Parcon moved the Court to reconsider its Order on November 24, 2020, Doc. 520, Def.'s Mot., and the motion is ripe for review.

---

[2] As of November 6, 2020—three days before the Court issued its Order—Carswell FMC reported "eleven active cases of COVID-19, 510 recovered cases of COVID-19, and six inmate deaths resulting from COVID-19." Doc. 519, Mem. Op. & Order, 1. As of December 2, 2020, Carswell FMC reports four active cases of COVID-19, 509 recovered cases of COVID-19, and 6 inmate deaths. The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

Parcon argues that "[r]econsideration is warranted for two particular reasons." Doc. 520, Def.'s Mot., 3. First, Parcon argues, "the Court erred in holding that [Parcon's] reasons for a sentence reduction are not extraordinary and compelling." *Id.* Second, she claims, "the Court erred in concluding that it lacked the authority" to extend her supervised release beyond the maximum term provided by 18 U.S.C. § 3583(a) and (b)(2). *Id.* Because the Court finds that Parcon fails to show extraordinary and compelling reasons warranting a sentence reduction, the Court need not reconsider its authority to expand Parcon's term of supervised release beyond the statutory limit.

Parcon offers two reasons to support her assertion that the Court erred in rejecting her claims for extraordinary and compelling reasons. *See id.* at 3–8. First, she argues that the Court "misse[d] the point" when it considered Parcon's ability to manage her medical conditions while incarcerated.

*Id.* at 3 (citing Doc. 519, Mem. Op. & Order, 5). Instead, Parcon suggests that the mere presence of one or more conditions constituting "risk factors" and "the presence of COVID-19 at the facility" should be enough to find extraordinary and compelling reasons for a sentence reduction. *Id.* at 3–4. "[T]he inquiry," Parcon argues, "is whether the defendant has risk factors that maker her more vulnerable to contracting COVID-19 or suffering from it, and thus, whether a defendant will be able to adequately self-care in the event she is exposed to the disease." *Id.* at 3 (citations omitted).

However, as the Court already explained in its initial Order, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements[.]" Doc. 519, Mem. Op. & Order, 5 (quoting *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). Under Parcon's proposed rule, extraordinary and compelling reasons would necessarily exist whenever an inmate has a medical condition that constitutes a "risk factor" and COVID-19 is present in the facility. *See* Doc. 520, Def.'s Mot., 3. According to Parcon, therefore, an inmate with "certain underlying medical conditions"—such as diabetes, asthma or hypertension, or any combination thereof—has an extraordinary and compelling reason for sentence reduction once COVID-19 is present in her facility. This is the sort of blanket pronouncement that the Court seeks to avoid. *See Delgado*, 2020 WL 2542624, at *3. Instead, as it did in its initial Order, the Court should inquire into the "extraordinary and compelling circumstances *specific to Parcon*." Doc. 519, Mem. Op. & Order, 4 (emphasis added). This includes inquiring into not only Parcon's specific diagnoses, but also the severity of her medical conditions and her ability to manage her health while incarcerated. As explained in its initial Order, after conducting an inquiry into Parcon's specific circumstances, the Court did not find that extraordinary and compelling reasons warranted a reduction in Parcon's sentence. Doc. 519, Mem. Op. & Order, 4–5. Parcon's motion for

reconsideration does not change the Court's finding on this matter, as Parcon presents no new evidence of her specific circumstances that give rise to an extraordinary and compelling reason.

Second, Parcon submits that the Court improperly considered the § 3553(a) factors "in determining whether extraordinary and compelling reasons for a sentence reduction exist." Doc. 520, Def.'s Mot., 7 (quotation marks omitted). Parcon seizes upon the Court's introductory statement in the analysis section, wherein the Court stated that denial was proper because Parcon "fail[ed] to demonstrate extraordinary and compelling circumstances under § 3582(c)(1)(A)—especially in light of the § 3553(a) factors." *Id.* (quoting Doc. 519, Mem. Op. & Order, 2). However, the Court did not consider the § 3553(a) factors in its "extraordinary and compelling" inquiry. Instead, the Court considered the factors as a necessary step in reviewing Parcon's motion and explained its analysis as an alternative basis for denying the motion. *See* Doc. 519 Mem. Op. & Order, 5.

Parcon sought a reduction in sentence pursuant to § 3582(c)(1)(A). Doc. 515, Def.'s Mot., 1. Section 3582(c)(1)(A) permits courts to "reduce or modify a term of imprisonment . . . after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *Chambliss*, 948 F.3d at 692–93 (quoting § 3582(c)(1)(A)(i)). The statute Parcon invoked, therefore, required the Court to consider the § 3553(a) factors before it could grant Parcon's motion for sentence reduction. The Court did so.

Accordingly, after holding that Parcon's conditions and the presence of COVID-19 at Carswell FMC alone did not demonstrate extraordinary and compelling reasons for a reduction in sentence, the Court began a new paragraph, stating that "[a]dditionally, application of the § 3553 factors weighs against Parcon's release." Doc. 519, Mem. Op. & Order, 5. After considering the circumstances, the Court found that "reducing Parcon's sentence would [neither] promote respect

for the law . . . [n]or . . . provide just punishment" under § 3553(a)(2)(A). *Id.* at 5 (citations and quotation marks omitted). The Court did not mention the "compelling and extraordinary" inquiry again until summarizing its reasons for denying Parcon's motion. *See id.* at 5–6. The Court, therefore, rejects Parcon's argument that it improperly considered the § 3553(a) factors in holding that Parcon failed to demonstrate extraordinary and compelling reasons for a reduction in sentence.

Therefore, the Court concludes that its original determination was correct and that it properly denied Parcon's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).

## IV.

## CONCLUSION

For the aforementioned reasons, Defendant Myrna S. Parcon's Motion for Reconsideration (Doc. 520) is **DENIED**.

**SO ORDERED.**

**SIGNED: December 3, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE